UNITED STATES BANKRUPTCY COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION
www.flmb.uscourts.gov

In re                                              )
                                                   )
JOSEPH L. MEDDOCK,                                 )   Case No. 6:10-bk-10657-KSJ
                                                   )   Chapter 7
          Debtor.                                  )
                                                   )

## MEMORANDUM OPINION GRANTING DEBTOR'S MOTION TO STRIP LIEN

Debtor, Joseph Meddock, reopened his Chapter 7 bankruptcy case and now seeks to strip a junior mortgage lien held by SunTrust Bank, N.A. ("SunTrust") under the Eleventh Circuit's decision in *McNeal*.[1] SunTrust argues, first, that *McNeal* was wrongly decided, and second, that the proper time for valuation is the date the Debtor filed his motion to strip, not the petition date.[2] If the Court uses the date of the Debtor's motion as the valuation date, SunTrust's junior lien is partially secured and not avoidable. But, if the petition date is the proper time for valuation, SunTrust's lien is wholly unsecured and the Debtor can strip off the junior lien.

The parties stipulated to the salient facts. SunTrust holds both the first and second mortgage on the real property (the "Property").[3] Debtor owes SunTrust $158,407 on the first mortgage ("First Mortgage")[4] and about $16,000 on the second mortgage ("Second Mortgage"). Each party obtained an appraisal of the Property as of the petition date, June 18, 2010.[5] Debtor's petition date appraisal is $150,000, and SunTrust's is $157,000.[6]  Both appraisals therefore

---

[1] Doc. No. 21. *See generally In re McNeal*, 477 F. App'x 562 (11th Cir. 2012).
[2] Doc. No. 24.
[3] The legal description of the Property is as follows: LOT 10, BLOCK H, SKYCREST, according to the Plat thereof as recorded in Plat Book V, Page 97, of the Public Records of Orange County, Florida. (Doc. No. 21.)
[4] Debtor's Exhibit 1.
[5] Doc. No. 1.
[6] Debtor's Exhibit 2; Debtor's Exhibit 3.

conclude that the value of the Property *as of the petition date* is less than SunTrust's First Mortgage and that SunTrust's Second Mortgage is wholly unsecured.

SunTrust, however, also obtained a more recent appraisal dated September 13, 2014, which indicates the Property's more recent value is $195,000.[7] SunTrust got this second appraisal to show that the value of the Property had increased since the petition date. SunTrust argues this increase in value should inure to the benefit of the secured creditor; otherwise, SunTrust argues, a debtor receives a windfall if he or she is able strip a lien that was unsecured as of the petition date but not when the motion to strip lien is filed.

As an initial matter, *In re McNeal* is binding Eleventh Circuit precedent and holds, unequivocally, that a debtor can strip off a wholly unsecured junior lien in a Chapter 7 bankruptcy proceeding.[8] In *McNeal*, the Eleventh Circuit Court of Appeals held that that the Supreme Court's decision in *Dewsnup v. Timm*[9] did not abrogate the Eleventh Circuit's prior decision in *Folendore v. United States Small Business Administration*,[10] which permitted debtors in Chapter 7 bankruptcy cases to strip off wholly unsecured liens. The Eleventh Circuit in *McNeal* correctly stated that the Supreme Court in *Dewsnup* did not address stripping *off* a *wholly* unsecured junior lien and that, "'[t]here is, of course, an important difference between the holding in a case and the reasoning that supports that holding.'"[11] The Eleventh Circuit therefore upheld its precedent, *Folendore*, which squarely ruled that a debtor could strip off a wholly

---

[7] SunTrust's Exhibit 1.
[8] *In re McNeal*, 477 F. App'x 562 (11th Cir. 2012).
[9] 502 U.S. 410, 112 S. Ct. 773, 116 L. Ed. 2d 903 (1992) (holding "that § 506(d) does not allow petitioner to 'strip down' respondents' lien, because respondents' claim is secured by a lien and has been fully allowed pursuant to § 502").
[10] 862 F.2d 1537 (11th Cir. 1989).
[11] *McNeal*, 477 F. App'x at 564.

unsecured lien in Chapter 7.[12] This Court has no discretion other than to enforce the binding ruling of *Folendore*.

SunTrust today however relies on *Dewsnup's* reasoning, which the Eleventh Circuit rejected, to argue that the date the debtor files the motion to strip off a junior lien is the date to use for valuation. SunTrust contends that *Dewsnup* supports the proposition that any increase in value of property during the pendency of the bankruptcy case—the time between the petition date and when the debtor files his or her motion to strip—should inure to the benefit of the secured creditor. Indeed, in *Dewsnup*, the Supreme Court stated "Any increase over the judicially determined valuation during bankruptcy rightly accrues to the benefit of the creditor, not to the benefit of the debtor and not to the benefit of other unsecured creditors whose claims have been allowed and who had nothing to do with the mortgagor-mortgagee bargain."[13] This Court, however, takes heed of *McNeal's* warnings and declines to lend *Dewsnup's* reasoning weight beyond its holding.

Turning to the Bankruptcy Code, § 506(a) provides little guidance on the appropriate valuation date stating only that value "shall be determined in light of the purpose of the valuation and of the proposed disposition or use of such property."[14] Courts interpreting this language come to differing conclusions.[15] Because lien stripping in Chapter 7 cases has resurfaced only since *McNeal*, courts have had little opportunity to decide the appropriate date of valuation under § 506(a) for lien stripping purposes. Debtor points to the only decision on the issue, *In re*

---

[12] *Id.*
[13] *Dewsnup v. Timm*, 502 U.S. 410, 417, 112 S. Ct. 773, 778, 116 L. Ed. 2d 903 (1992).
[14] 11 U.S.C. § 506(a)(1).
[15] *Compare In re Valls*, No. 09-35347-BKC-LMI, 2010 WL 2745951, at *1 (Bankr. S.D. Fla. July 6, 2010) ("[T]he Court finds that under the facts of this case, where the Debtor seeks to keep his home, it is appropriate to use the petition date as the relevant valuation date.") *with In re Crain*, 243 B.R. 75, 83 (Bankr. C.D. Cal. 1999) (rejecting the petition date as the appropriate date of valuation because the debtor may not yet be sure of his or her intended use or disposition of the property).

*Sroka*,[16] decided by Judge Delano in this District, which she held that the petition date is the proper valuation date. The Court in *Sroka* surveyed cases decided under different chapters of the Code and concluded that "[i]n Chapter 7 and 13 cases, courts overwhelmingly use the petition date as the benchmark for valuation."[17] Indeed, "[m]any courts have settled on the bankruptcy petition date as the proper date to value a debtor's property in the context of lien stripping, and that line of cases is most persuasive."[18] Judge Delano ultimately held that in a Chapter 7 case, the petition date is "the relevant date for determining both the value of the Property and the amount of the senior indebtedness."[19]

This Court agrees with *Sroka* and holds that the petition date is the better date to use when valuing real property to determine the secured status of a junior lien in a Chapter 7 case. The petition date is the "watershed date of a bankruptcy proceeding" and is the time when creditor's rights are fixed, the estate is created, and the value of a debtor's exemptions are determined.[20] Put simply, the creditors' and debtor's rights generally are fixed as of the petition date.[21] Creditors' claims are determined as of the petition date under § 502(b), and because "it is likely that the value of the collateral will increase or decrease post-petition, '[d]etermining the parties' rights early will discourage them from improperly delaying or accelerating the proceeding (or using other improper tactics) to change their substantive legal rights.'"[22]

Courts should not allow gamesmanship or look to external market trends in determine the proper valuation date. Setting the date of valuation at the time of the hearing date helps a junior mortgage holder in a rising real estate market but conversely hurts it in a falling real estate

---

[16] *In re Sroka*, No. 9:12-BK-18720-FMD, 2014 WL 2808101, at *3 (Bankr. M.D. Fla. June 20, 2014).
[17] *Id.* at *4.
[18] *In re Dean*, 319 B.R. 474, 478 (Bankr. E.D. Va. 2004).
[19] *Id.*
[20] *Dean*, 319 B.R. at 478 (quoting *In re Johnson*, 165 B.R. 524, 527-28 (S.D. Ga. 1994)); *accord In re Gilpin*, 479 B.R. 905, 908 (Bankr. M.D. Fla. 2011).
[21] *In re Reconco*, No. 13-10564-RGM, 2014 WL 1295721, at *2 (Bankr. E.D. Va. Mar. 31, 2014).
[22] *In re Fair*, No. 13-387, 2014 WL 3617875, at *3 (Bankr. N.D.W. Va. July 21, 2014).

market.[23] Junior lienholders, like SunTrust, probably would not argue to value property as of the hearing date in a falling market; debtors simply could wait until their property value decreased below the amount owed on the first mortgage and then move to strip, rendering the junior mortgage subject to strip-off. On the flip side, creditors also could try to stack the deck. In *In re Reconco*, a second mortgage-holder offered to pay off just enough of the first mortgage-holder's lien presumably "to create $1 of equity."[24] In effect, the junior mortgage-holder sought to manipulate the amount due on the first mortgage so its junior mortgage would be deemed partially secured and not subject to strip-off in the Chapter 13 case.[25] The court, citing many of the reasons discussed herein, ultimately decided the petition date was the better valuation date for lien-stripping.[26] Deciding on a set date—the petition date—for valuing real property to determine if a second lien is unsecured helps to discourage improper delay and gamesmanship.

In brief, SunTrust's argument that *Dewsnup's* reasoning supports its position is discounted by *McNeal's* recent reminder—a court's reasoning does not warrant the same deference as its holding. And in this Circuit, *Folendore* is binding precedent. A majority of courts have decided that the petition date is the proper valuation date for Chapter 13 lien stripping, along with the only court to consider the issue in a Chapter 7 case. The Court agrees and holds that the petition date is the proper date for valuing real property to determine whether a junior mortgage is secured or unsecured in Chapter 7 and subject to strip-off by § 506(d).

---

[23] *Reconco*, 2014 WL 1295721, at *1.
[24] *Id.* at *1 n.1.
[25] *Id.* The court noted that "the creditor's actions make no economic sense on the surface. . . . The creditor's only remedy is to foreclose which it and its predecessors have not done for almost five years, for obvious reasons. . . . The only economic reason the second trust lender has to pay-down the first trust would be to gain leverage in this case and, by striking a deal with the debtor, obtain better treatment as a secured creditor than it would otherwise be entitled to as an unsecured creditor to the detriment of other unsecured creditors." *Id.*
[26] *Reconco*, 2014 WL 1295721.

Here, the parties agree that SunTrust's junior lien was wholly unsecured if the Court uses the petition date to determine value.  Accordingly, the Court will enter a separate order granting the Debtor's Motion to Determine Secured Status of SunTrust Bank and to Strip Lien Effective Upon Discharge.[27]  SunTrust's junior mortgage, as of the petition, is wholly unsecured and is avoided.

DONE AND ORDERED in Orlando, Florida, December 10, 2014.

KAREN S. JENNEMANN
Chief United States Bankruptcy Judge

Attorney Roman Hammes is directed to serve a copy of this order on interested parties and file a proof of service within 3 days of entry of the order.

---

[27] Doc. No. 21.